IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE  DIVISION

CARLOS MORGADO,

      Plaintiff,

v.                             CASE NO. 4:16-cv-94-RH-GRJ

STATE OF FLORIDA, et al.,

      Defendants.

_____/

## ORDER AND
## REPORT AND RECOMMENDATION

      This case is before the Court for screening of ECF No. 1, a *pro se*
civil rights Complaint, and ECF No. 2, Plaintiff's motion for leave to
proceed as a pauper.   The Court finds that leave to proceed as a pauper
should be granted for the limited purpose of dismissing this case pursuant
to 28 U.S.C. § 1915(b)(2)(B)(ii) for failure to state a claim upon which relief
may be granted.[1]

      Plaintiff seeks relief in connection with his July 2013 Hillsborough
County convictions of two counts of lewd or lascivious molestation of a

_____

[1]Because the Court concludes that Plaintiff's claims, in substance, sound in
habeas corpus, the Court has not entered an installment-fee order pursuant to the
Prison Litigation Reform Act.

victim under 12 years of age.  *See* ECF No. 1 at 17-19 (criminal information), 21 (judgment).  Plaintiff names as Defendants the State of Florida, the City of Tampa, Hillsborough County, the Office of the Public Defender and individual attorneys, the Office of the State Attorney and individual attorneys, the minor victim's mother, and the minor victim. Plaintiff alleges that the Defendants violated his constitutional rights and slandered him during the underlying criminal case.  For relief, Plaintiff seeks immediate release from confinement (ECF No. 1 at 16), as well as injunctive and monetary relief (ECF No. 1 at 23-24).

Because Plaintiff seeks relief from his criminal convictions due to alleged constitutional violations, his remedy would lie in a petition for a writ of habeas corpus.  "[W]hen a prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release . . .  his sole federal remedy is a writ of habeas corpus."  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  It is clear that Plaintiff's claims implicate the fact or duration of his confinement, and therefore such claims go to the very heart of habeas corpus and are not properly raised in a civil rights complaint.

The Court does not recommend that this case be construed as a habeas corpus petition and transferred to the Middle District of Florida, where the court of conviction is located, because Plaintiff is currently pursuing habeas corpus relief in the Middle District.  *See Morgado v. Secretary*, Case No. 8:16-cv-251 (M.D. Fla.).

Even if Plaintiff were not seeking release from confinement in this case, the Complaint fails to state a cognizable claim for injunctive and monetary relief.  The State of Florida, the City of Tampa, and Hillsborough County, Office of the State Attorney, and Office of the Public Defender are not entities that are subject to suit under § 1983 under the facts alleged. *See Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44 (1996) (state sued in its own name has Eleventh Amendment immunity, regardless of the relief sought, unless the immunity has been waived or validly abrogated by Congress).  The minor victim and her mother are not "state actors" for purposes of § 1983 liability.  *See Rayburn, ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001).

Further, "[i]n § 1983 actions, prosecutors have absolute immunity for all activities that are " 'intimately associated with the judicial phase of the criminal process.' " *Van de Kamp v. Goldstein*, 555 U.S. 335, 338 (2009)

(quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *accord Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999).  "A prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate." *Jones*, 174 F.3d at 1281.  In the same vein, representation by public defenders is not "state action" and gives no rise to liability under § 1983 absent a conspiracy with state actors.  *See Richardson v. Fleming*, 651 F.2d 366, 371 (5th Cir. 1981); *Slavin v. Curry*, 574 F.2d 1256, 1265 (5th Cir. 1976); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985). The actions of defense counsel in representing Plaintiff are the acts of a private party. The law is clear that "when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding," a public defender is not a "state actor" for purposes of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)(holding that under the facts of this case, a public defender was not acting "under color of state law" but declining to hold that a public defender never acts in that role). The allegations of the Complaint are plainly insufficient to establish the existence of a conspiracy that would support a § 1983 claim.

Accordingly, it is **ORDERED** that Plaintiff's motion for leave to

proceed as a pauper, ECF No. 2, is **GRANTED.**

It is respectfully **RECOMMENDED** that this case be dismissed for

failure to state a claim upon which relief may be granted pursuant to 28

U.S.C § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Gainesville, Florida, this 18th day of February

2016.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**